MURDOCK, Justice
(concurring specially).
I concur in the main opinion. In so doing, I note that the main opinion uses both the term “capacity” and the term “real party in interest” in contradistinction to the term “standing.” I believe a question exists as to whether the interchangeable use of the terms “capacity” and “real party in interest” is appropriate. Further exploration of this question can await another day, however, in that the dispositive conclusion for purposes of the present case is that the issue presented is not one of “standing.”[7]
That said, the principal reason I write separately is to address an issue regarding the proper construction of Ala.Code 1975, § 25-5-11. As indicated in the main opinion, our precedents appear to stand for the proposition that the right to bring an action against a third-party tortfeasor for the wrongful death of an employee who also is entitled to benefits under the Workers’ Compensation Act resides exclusively with the former dependents of the deceased employee. I question this understanding of § 25-5-11 and its impact on wrongful-death claims prescribed by Ala.Code 1975, § 6-5-410. Claims under § 6-5-410 are for the benefit of the heirs as determined under our intestacy laws (see §§ 43-8^41 and -42, Ala.Code 1975), and that statute states that the right to file such a claim lies with the personal representative of the decedent’s estate. My concern is rooted in the fact that, given the definition of “dependents” under the Workers’ Compensation Act, see Ala.Code 1975, § 25-5-61 et seq., the “dependent” who has an interest in pursuing a claim for death benefits under the Workers’ Compensation Act may not qualify as an heir under our intestacy laws and therefore may have no interest in pursuing an action under § 6-5-410 for the benefit of those who are heirs. The precedents that apparently contemplate such an unusual, and arguably unworkable, arrangement and the manner in which they have interpreted § 25-5-11 of the Workers’ Compensation Act in order to arrive at this arrangement, however, have not been called into question in the present case.
I, therefore, concur in the main opinion.
WISE, J., concurs.

. Also, I express no view as to the issue broached in note 5 of the main opinion, i.e., whether the limitations period found in § 6-5-410, Ala.Code 1975, is in the nature of a statute of limitations or a statute of “creation.” 146 So.3d at 1045.